UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WALTER KIERNAN,

                        Plaintiff(s),                 **REPORT AND**
                                                                 **RECOMMENDATION**

    -against-                                     CV 09-1508 (SJF)(WDW)

HERMES INTERNATIONAL, et al.,

                        Defendant(s).
------------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

        Before the undersigned, on referral from Judge Feuerstein, are the pro se plaintiff Walter Kiernan's motions for default judgment against defendants Incorporated Village of Freeport, Docket Entry ("DE") [27], Police Officer Peter Regan, DE [60], and Police Officer Michael Horne, DE [61] (collectively, the "Freeport defendants"). For the reasons set forth herein, it is recommended that the motions be denied.

## BACKGROUND

        On May 28, 2009, the plaintiff moved for default judgment against each of the Freeport defendants. In each of the motions, he makes the following statement:

> On May 1st, 2009 Defendant was served with a summons and a copy of Plaintiff's Complaint by personnel [sic] service at 40 North Ocean Ave., Freeport, New York. The summons and complaint was accepted by Police Officer Kessler for the defendant. A copy of Proof of Service is attached as Exhibit 1. Defendant Incorporated Village of Freeport did not file a responding pleading or otherwise defend the suit.[1]

---

1 Although plaintiff in all three motions refers to the failure of defendant Village of Freeport to respond, this is likely an oversight. The court will assume, for purposes of these motions, that the plaintiff is alleging that defendants Regan and Horne also did not respond or otherwise defend the suit.

Pl.'s motions at ¶3. Attached as Exhibit 1 to each motion is a Summons dated April 13, 2009, and a Proof of Service dated May 1, 2009. Each Proof of Service is executed by a Thomas Granger.

## DISCUSSION

As a threshold matter, the court must look to whether it has personal jurisdiction over the defaulting defendants. "[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties. In reviewing personal jurisdiction, the court…exercises its responsibility to determine that it has the power to enter the default judgment." *Weininger v. Castro*, 462 F. Supp. 2d 457, 490-91 (S.D.N.Y. 2006) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)) (additional citations omitted). Accordingly, the court will first conduct an independent analysis of its jurisdiction over the Freeport defendants.

It is clear that "[v]alid service of process is an essential element of personal jurisdiction." *Daval Steel Prod. v. M.V. Juraj Dalmatinac*, 718 F. Supp. 159, 161 (S.D.N.Y. 1989). Plaintiff attempted to serve each of the Freeport defendants by delivering a copy of the summons and complaint to non-party Police Officer Kessler at 40 North Ocean Avenue in Freeport, New York.[2] However, as explained below, this attempted service upon all of the Freeport defendants was improper, and thus the court lacks personal jurisdiction over the Freeport defendants.

Proper service was not made on the Village of Freeport, as the requirements under both the Federal Rules of Civil Procedure and the New York Civil Practice Law and Rules ("CPLR")

---

2 While plaintiff has not indicated the significance of this address, the court assumes it refers to the station house.

for service on a state-created governmental organization or village have not been met. Under federal law, "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). As the requirements of Rule 4(j)(2)(A) were not met, the court will, pursuant to Rule 4(j)(2)(B), determine if service was proper under New York state law.

Under New York law, service on a village requires the delivery of a copy of the summons to the mayor, clerk, or a trustee. N.Y. C.P.L.R. §311 (a)(6). Failure to strictly comply with this requirement constitutes improper service. *See, e.g., Schaeffer v. Village of Ossining*, 58 F.3d 48, 49 (2d Cir. 1995) (no jurisdiction over village where summons and complaint was left with an intermediate clerical employee); *Reese v. Village of Great Neck Plaza,* 154 A.D.2d 683 (2d Dep't 1989) (service on receptionist at village office "did not constitute service upon the proper official"). In this case, plaintiff served Police Officer Kessler, clearly not the mayor, clerk, or a trustee. As plaintiff has not complied with §311(a)(6), service was not properly made on the Village of Freeport and, thus the court lacks jurisdiction over the Village of Freeport.

Plaintiff also failed to properly serve Police Officers Regan and Horne, as the requirements under both the Federal Rules of Civil Procedure and the New York CPLR for service on an individual have not been met. Rule 4(e) of the Federal Rules of Civil Procedure states that an individual may be served "by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons

3

and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." As plaintiff did not satisfy any of the requirements of Rule 4(e)(2), the court will, pursuant to Rule 4(e)(1), determine if service was proper under New York state law.

Under New York law, CPLR §308 provides several methods of service on an individual. The method of service attempted by plaintiff on defendants Regan and Horne most resembles that allowed under §308(2). Section 308(2) states, in brief, that personal service can be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential.'" N.Y. C.P.L.R. §308(2). The court finds that plaintiff has not complied with the requirements of §308(2).

Service under §308(2) requires both delivery of the summons to a person of suitable age and discretion <u>and</u> a mailing to the person to be served. *See, e.g., Puccio v. Town of Oyster Bay*, 229 F. Supp. 2d 173, 176 (E.D.N.Y. 2002) ("Both the delivery and the mailing are required."). Even where the first requirement of delivery of the summons to a person of suitable age and discretion is satisfied, service will be considered improper under §308(2) where the summons is not also mailed to the home or business or business of the person to be served. *See id.; Brady v. Dammer*, 2005 WL 1871183, at *2 (N.D.N.Y. Aug. 3, 2005). Therefore, although the summons was delivered within the state to a person of suitable age and discretion at the place of business

of Officers Regan and Horne, there is no indication that the summons was mailed to either officer at his residence or place of business. As plaintiff has not complied with § 308(2), service was not properly made on either Police Officer Regan or Police Officer Horne, and accordingly the court lacks personal jurisdiction over them.

In sum, the undersigned finds that plaintiff failed to properly serve the Village of Freeport defendants and thus, that the court lacks personal jurisdiction over them. It is therefore recommended that plaintiff's motions for default judgments against defendants Village of Freeport, Police Officer Peter Regan, and Police Officer Michael Horne be denied.

**OBJECTIONS**

A copy of this Report and Recommendation is being sent to plaintiff by mail and to counsel for the defendants by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 10 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       August 3, 2009

                              /s/ William D. Wall
                              WILLIAM D. WALL
                              United States Magistrate Judge